Nash, J.
 

 We are of opinion, that the plaintiff’s bill cannot, upon its own statement, be sustained. The plaintiff had obtained a judgment at law against Moses Waters, upon a bond given by the said Waters, and he having removed to the State of Georgia and having no . visible property, upon which an execution could act, the plaintiff sued out an attachment against him and had it levied in the hands of the defendant, Green, and summoned him as garnishee. During the pendency of this suit Moses Waters died, and the plaintiff sets forth, that he had no personal representative, and for that reason he comes into this court. Why could he not proceed at law against the garnishee Green ? Simply because the judgment against him would be but ancillary to the one against Waters. When a garnishee admits he is indebted to the defendant in the attachment, the sum so due is condemned by a judgment of the court to the use of the plaintiff, subject to the judgment the plaintiff may recover on his attachment. If then the defendant die before judgment, and no representative be brought in within two terms, like every other suit it abates, and of Course Carries out of court with it all its accessories. We know of no principle, which authorises a Court of Chancery to grant a decree against a dead man, more than a Court of Law. Neither court can legally proceed without having before it the proper parties. The plaintiff might have put this objection out of his way by procuring some other person to administer; though we do not decide, if such administration had been granted, it would have enabled the plaintiff to have been beneñtted in his attempt to recover the money. Should the said Henry and John Waters recover the money due from Green, they will become executors of’ their own wrong, and thereby subject themselves to the action of the plaintiff, and his redress is one at law. This court does not know of an executor
 
 de son tort,
 
 for the purpose of a remedy against him-
 
 *170
 
 as such. There is no doubt that chancery will afford relief against a fraudulent donee, toan equitable creditor of the donor, who is dead, but the rightful representative of the donor must be before this court.
 
 Dozier
 
 v Dozier, 1 Dev. & Bat. Eq. 96. But this is a legal claim; and the proper parties are not before the court, if it were an equitable one. If it be objected that John and Henry Waters are citizens of the State of Georgia, and that the process of the courts of this State cannot reach them, the answer is, the courts of the State of Georgia are open to the plaintiff, and we have no reason to doubt will be as proper to give him relief as the courts of this State. The bill must be dismissed with costs to the defendant Green.
 

 Per Curiam. Bill dismissed,